UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AMOS CROOM, | ) |
| Plaintiff | ) ) ) |
| vs. | ) CAUSE NO: 3:15-CV-288 RLM-MGG ) |
| ELKHART PRODUCTS CORP., | ) ) |
| Defendant | ) |

## OPINION AND ORDER

Plaintiff Amos Croom's motion to dismiss Elkhart Products Corporation's counterclaim for declaratory judgment, as amended, pends before the court. For the following reasons, the court grants the motion.

Amos Croom filed a complaint against his former employer, Elkhart Products, under Title VII, the Family Medical Leave Act, and 42 U.S.C. § 1981 alleging that Elkhart Products had retaliated against him for requesting and/or taking FMLA leave, subjected him to disparate treatment, and terminated his employment because of his race. Elkhart Product counterclaimed, alleging that Mr. Croom's claims were subject to binding arbitration under the company's collective bargaining agreement and asking the court to declare as a matter of law that the arbitrator's decision upholding the discharge precludes Mr. Croom's discrimination and retaliation claims.

Mr. Croom moved to dismiss the counterclaim under Fed. R. Civ. P. 12(b)(6). He contends that Elkhart Product hasn't identified any provision of the CBA that required him to submit his FMLA or Title VII claims to arbitration, and so failed

to plead any set of facts under which it may be entitled to relief, citing in support 14 Penn Plaza LLC v. Pyett, 556 U.S. 247 (2009); Alexander v. Gardner-Denver Co., 415 U.S. 36 (1974); Coleman v. Donahue, 667 F.3d 835 (7th Cir. 2011); St. Aubin v. Unilever HPC NA, 2009 WL 1871679 (N.D. Ill. 2009).

In response, Elkhart Products submitted an amended counterclaim that added specific language from the CBA [Doc. No. 11-1]. The counterclaim, as amended, alleges that:

- Mr. Croom was a member of the International Association of Machinists, Local 1315, and was subject to a CBA, that provided in Article V as follows:

> If a grievance is not settled through the full use of the foregoing Grievance Procedure, the union may request that it be submitted to final and binding arbitration in accordance with the following:
>
> A. **Only grievances having to do with the interpretation and application of Sections of this Agreement, including discharges and disciplinary actions may be arbitrated**, it being specifically agreed that in no case and under no circumstances, may grievances of disputes concerning Management (Article III) be arbitrated….

(Emphasis added).

- Under the CBA's terms, the arbitrator had authority to "interpret and apply" the sections of the CBA prohibiting discrimination "in violation of applicable Federal legislation", including: (1) Article II, Section 2.4, prohibiting "discrimination on account of race, color, creed, sex, national

origin or age, handicap, Vietnam Veteran; or in violation of applicable Federal legislation", and (2) "a section under Article IX, Section 9.1, addressing the use of leave pursuant to the FMLA."

- Mr. Croom grieved his discharge unsuccessfully, and the Union requested binding arbitration.

- At the arbitration hearing, Mr. Croom argued that he had been discharged without just cause and retaliated against because he was an African American, had filed an EEOC charge, and had used FMLA leave.

- The arbitrator heard testimony on those issues, and "upheld the discharge".

- The arbitrator's decision is final and binding on all parties under Article V, Section 5.5 of the CBA, which states:

> The decision of the arbitrator shall be final and binding on all parties. The arbitrator shall have no power to change, alter, detract from or add to the provisions of the agreement, but shall have the power only to interpret and apply [the CBA's] provisions in reaching his decision.

Mr. Croom maintains that the addition of CBA provisions to the amended counterclaim doesn't cure the deficiency in Elkhart Products' original claim because those provisions don't explicitly mandate that "employment-related discrimination claims would be resolved in arbitration," and so don't preclude him from filing statutory claims of discrimination. *See* 14 Penn Plaza LLC v. Pyett, 556 U.S. 247 (2009). The court agrees.

3

To survive a motion to dismiss, the counterclaim must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Mr. Croom's statutory claims under Title VII and the FMLA aren't precluded by an arbitration decision unless the arbitration provision in Elkhart Product's collective bargaining agreement "expressly covers both statutory and contractual discrimination claims" and mandates that "employment-related discrimination claims, including claims brought under [Title VII and the FMLA] would be resolved in arbitration." 14 Penn Plaza LLC v. Pyett, 556 U.S. at 256 and 264. *See also* Wright v. Universal Maritime Service Corp., 525 U.S. 70, 80 (1998); Alexander v. Gardner-Denver Co., 415 U.S. 36, 59-60 (1974); Coleman v. Donahue, 667 F.3d at 854. It doesn't do so.

The collective bargaining agreement in Pyett provided that:

> There shall be no discrimination against any present or future employee by reason of race, creed, color, age, disability, national origin, sex, union membership, or any other characteristic protected by law, including, but not limited to, claims made pursuant to Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act...or any other similar laws, rules, or regulations. **All such claims shall be subject to the grievance and arbitration procedures (Articles V and VI) as the sole and exclusive remedy for violations.** Arbitrators shall apply appropriate law in rendering decisions based upon claims of discrimination.

4

556 U.S. at 252 (emphasis added). The Supreme Court held that "a collective-bargaining agreement that clearly and unmistakably required union members to arbitrate ADEA claims [was] enforceable as a matter of federal law", and limited Alexander v. Gardner-Denver Co., 415 U.S. 36 (1974) to its facts – the arbitration provision wasn't preclusive because Alexander didn't agree to arbitrate his Title VII claims. Id. at 262-74.

In contrast, Elkhart Products' CBA provides that: "Only grievances having to do with the interpretation and application of Sections of [the CBA] … may be arbitrated." [Doc. No. 11-1 at ¶ 103]. It doesn't make arbitration mandatory, doesn't "clearly and unmistakenly require[] union members to arbitrate claims arising under" federal anti-discrimination laws, and limits the arbitrator's authority to "interpret[ing] and apply[ing]" the terms of the contract. The arbitrator's decision wouldn't prevent Mr. Croom from bringing suit under Title VII or the FMLA, "regardless of whether certain contractual rights are similar to, or duplicative of, the substantive rights secured by [federal law]." 14 Penn Plaza LLC v. Pyett, 556 U.S. at 264 (quoting Alexander v. Gardner-Denver Co., 415 U.S. at 53-54). *See also* Coleman v. Donahue, 667 F.3d at 854; St. Aubin v. Unilever HPC NA, 2009 WL 1871679, at *3-4 (N.D. Ill. 2009).

For the foregoing reasons, the court finds that the facts alleged in Elkhart Products' original and amended counterclaims [Doc. Nos. 8 and 11-1] don't state

a plausible claim for relief, and GRANTS the plaintiff's motion to dismiss [Doc. No. 9].

SO ORDERED.

ENTERED:   September 12, 2016  

/s/ Robert L. Miller, Jr.
Judge, United States District Court